# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NEMO DEVELOPMENT INCORPORATED,** ) ) ) **Plaintiff,** ) ) **v.** ) ) **COMMUNITY NATIONAL BANK, WILLIAM ALTMAN, JR., JERRY L. McPHERSON, AND VERNON F. LYNN,** ) ) ) ) ) **Defendants.** ) ) | **CIVIL ACTION** **No. 05-2201-CM** |

## ORDER

Plaintiff Nemo Development Incorporated ("Nemo") brought this action claiming that defendant Community National Bank ("CNB") improperly foreclosed on property in which it had no interest. On January 4, 2006, this court granted the Motion to Dismiss and/or for Summary Judgment of Defendant Community National Bank (Doc. 7) and the Motion to Dismiss and/or for Summary Judgment of Defendants William W. Altman, Jr., Jerry L. McPherson and Vernon Lynn (Doc. 12). Plaintiff filed a Motion for Reconsideration (Doc. 30) on January 19, 2006, which the court construes as a motion to alter or amend judgment made pursuant to Fed. R. Civ. P. 59(e). *See Steele v. Ellis*, 961 F. Supp. 1458, 1467 (D. Kan. 1997) (citation omitted).

The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *Priddy v.*

*Massanari*, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiff apparently claims that the court needs to correct clear error or prevent manifest injustice. But plaintiff's motion fails to demonstrate how the court has committed clear error. The court finds that plaintiff is merely rehashing previously rejected arguments, *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997), and has given the court no basis to alter or amend the judgment. Although plaintiff offers evidence that certain claims in his state court action are on appeal or are the subject of a petition for review to the Kansas Supreme Court, plaintiff has not given the court any specific details about the appellate proceedings from which the court can discern which of plaintiffs' claims may not be barred by the doctrine of *res judicata.* Notably, plaintiff apparently filed its second appeal on September 23, 2005, but did not notify the court of the appeal until after the court's summary judgment ruling was issued on January 4, 2006. And plaintiff did not file its petition for review with the Kansas Supreme Court until January 17, 2006. In any event, plaintiff has not directed the court to any specific claims that should remain in this case as a result of plaintiff's continuing litigation in state court. The court finds that such specificity is required because the court dismissed many of plaintiff's claims on alternative bases. Although defendant pointed out plaintiff's lack of specificity in its response to plaintiff's motion, plaintiff failed to file a reply brief to address defendant's argument.

Plaintiff also attaches a copy of a journal entry dismissing the foreclosure action on the Pajadi

contract, arguing that the court should reinstate plaintiff's claim for malicious prosecution because the journal entry shows a termination of the state court claim in favor of plaintiff. The journal entry is dated May 17, 2004, and plaintiff offers no explanation for why it failed to provide the entry to the court earlier. Moreover, as the Kansas Supreme Court noted in *Nelson v. Miller*, 607 P.2d 438, 445-46 (Kan. 1980), "[w]hether a withdrawal or abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought . . . depends upon the circumstances under which the proceedings are withdrawn." In the instant case, in ruling on the motion to dismiss, this court specifically noted that "[n]o ruling regarding the [Pajadi] contract was necessary in state court because Pajadi, Inc. terminated the contract, cutting off any interest Nemo had in the contract." This rationale supports the court's ruling that the state court action did not terminate in favor of plaintiff. The court finds the plaintiff has not presented a valid reason why the court should reconsider its dismissal of the malicious prosecution claim.

For these reasons, the court denies plaintiff's Motion for Reconsideration (Doc. 30).

**IT IS SO ORDERED.**

Dated this 20th day of March 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**